**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
DMITRIY SEREBRYAKOV, DMITRIY
KURAMYSHEV,

                                  Plaintiffs,

              -against-

GOLDEN TOUCH TRANSPORTATION OF
NY, INC., LOKEKO INC., DOUBLE "K"
USA, CORP., KONSTANTIN DERGUNOV,

                                  Defendants.
-------------------------------------------------------------------X

**REPORT & RECOMMENDATION**

12-CV-3990 (NGG) (RER)

**RAMON E. REYES, JR., U.S.M.J.:**

                    **TO THE HONORABLE NICHOLAS G. GARAUFIS**
                         **UNITED STATES DISTRICT JUDGE**

## INTRODUCTION

     Before me is a motion to approve a settlement between Dmitriy Serebryakov and Dmitriy Kuramyshev (collectively, "Plaintiffs"), and Golden Touch Transportation of NY, Inc. ("Golden Touch"). Plaintiffs commenced this action against Golden Touch, along with several other entities and individuals, for wage and hour violations under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiffs made class action and collective action allegations in their complaint, but have not yet sought to certify a class. Plaintiffs' claims against the remaining defendants will proceed, as the settlement only encompasses Plaintiffs' individual claims against Golden Touch.

     Under the settlement agreement, Golden Touch will pay Plaintiffs a total of $4,000.00, with each individual plaintiff receiving $1,500.00. (Dkt. No. 33-1 at 3.) Plaintiffs' attorney, Steven Yuniver, will receive the remaining $1,000.00 for attorney's fees. (*Id.*)

On April 17, 2013, the Honorable Nicholas G. Garaufis referred the motion to for a Report and Recommendation. (Dkt. No. 32.) For the reasons that follow, I respectfully recommend that Your Honor approve the settlement between Plaintiffs and Golden Touch.

## DISCUSSION

I.  **Settlement of Individual FLSA Claims**

Settlements in FLSA cases must be court-approved in the absence of the direct supervision of the Secretary of Labor. *See* 29 U.S.C. § 216(c); *Le v. Sita Info. Networking Computing USA, Inc.*, No. 07-CV-86 (JS) (MLO), 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2007); *Sampaio v. Boulder Rock Creek Developers, Inc.*, No. 07-CV-153 (ETB), 2007 WL 5209390, at *1 (E.D.N.Y. Sept. 6, 2007); *but see Picerni v. Bilingual Seit & Preschool Inc.*, No. 12-CV-4938 (BMC), 2013 WL 646649, at *10 (E.D.N.Y. Feb. 22, 2013) (concluding that the FLSA is not exempt from the right of voluntary dismissal). When deciding whether to approve a motion for settlement of individual FLSA claims, the Court considers "whether the agreement reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employers overreaching." *Le*, 2008 WL 724155, at *1 (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

In the absence of a certified class, a district court typically considers the following factors to determine whether a settlement of individual FLSA claims is reasonable: (1) the complexity, expense, and likely duration of litigation; (2) the stage of the proceedings and the amount of discovery completed; (3) the risks of establishing liability; (4) the risks of establishing damages; (5) the ability of defendants to withstand a larger judgment; and (6) the range of reasonableness in light of the best possible recovery and all the risks of litigation. *See Peralta v. Allied*

*Contracting II Corp.*, No. 09-CV-953 (NGG) (RER), 2011 WL 3625319, at *1 (E.D.N.Y. Aug. 1, 2011), *adopted by* 2011 WL 3625501 (citing *Misiewicz v. D'Onofrio General Contractors Corp.*, No. 08–CV–4377 (KAM) (CLP), 2010 WL 2545439, at *4 (E.D.N.Y. May 17, 2010)); *see also Volberg v. A.D. Winston Servs.*, No. 11-CV-2700 (SLT) (RLM), 2012 WL 1415051, at *1 (E.D.N.Y. Apr. 20, 2012).

I have reviewed Plaintiffs' memorandum in support of settlement, the agreement itself, and all accompanying exhibits. (Dkt. Nos. 31, 33.) On May 14, 2013, I heard oral argument on Plaintiffs' motion for settlement. (Dkt. Entry dated 5/14/2013.) After considering Plaintiffs' submissions and arguments, I conclude that the settlement was the result of "arm's length negotiations, which were undertaken in good faith by counsel." *Reyes v. Buddha-Bar NYC*, No. 08-CV-2494 (DF), 2009 WL 5841177, at *3 (S.D.N.Y. May 28, 2009).

Plaintiffs' risk of establishing liability and damages against Golden Touch is particularly relevant to my determination that the parties' settlement is reasonable. Specifically, Plaintiffs argue that "there is a significant risk that [they] will not be able to withstand [Golden Touch's] motion to dismiss or ultimately establish that [Golden Touch] ever employed them [due to a franchise agreement between Golden Touch and the other defendants]." (Dkt. No. 31-1, Pls.' Mem. in Supp. of Approval of Settlement ("Pls.' Mem.") at 10.) Plaintiffs advance similar concerns about a risk of dismissal due to the FLSA's "motor carrier exemption." *See* 29 U.S.C. § 213(b)(1). This is not to say that Plaintiffs would be unable to survive Golden Touch's motion to dismiss or putative summary judgment motion, but rather to note that the relative strength of Plaintiffs' case against Golden Touch supports a finding that the settlement amount is reasonable and fair, especially in light of the risks of establishing liability and damages.

Additionally, if the motion for settlement is not granted, Plaintiffs would have to expend time and expense to conduct additional discovery with respect to Golden Touch, oppose dispositive motions, and possibly proceed to trial against this defendant.  (Pls.' Mem. at 16-17.)  The relatively high cost of proceeding with their claims against Golden Touch, especially when balanced against the likelihood of their success, also supports a finding that the settlement amount is fair.

Finally, the settlement does not release claims that any putative class members may have against Golden Touch, nor does it release any of Plaintiffs' claims against any other defendants to this action.  (Pls.' Mem. at 4; Dkt. No. 33-2, Decl. of Steven Yuniver in Supp. of Pls.' Mot. for Approval of Settlement at 7-8, 10.)  Plaintiffs will be able to proceed against the remaining defendants to recover any unpaid wages as well as other damages and fees, and so the Court need not evaluate Plaintiffs' recovery from Golden Touch in light of the best possible recovery for all claims or the ability of Golden Touch to withstand a larger judgment.  Accordingly, I respectfully recommend that the settlement be approved.[1]

---

[1] Attorney's fees for an FLSA settlement are also subject to court approval.  *Misiewicz*, 2010 WL 2545439, at *5 (citations omitted).  Here, however, the Court will not conduct a protracted review of the fees awarded to Plaintiffs' attorney as the case will continue against the remaining defendants.  Rather, the Court respectfully recommends that the amount of the attorney's fees, which is 25% of the total settlement value, be approved.  *Id.* at *5 n.3 ("[A]ttorneys . . . may also receive a percentage compensation in FLSA collective actions.") (citing *Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. 41, 60 (E.D.N.Y. 2010).

## **CONCLUSION**

For the foregoing reasons, I respectfully recommend that Your Honor grant Plaintiffs' motion for approval of its settlement with Golden Touch.

Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Nicholas G. Garaufis within fourteen days of receipt hereof. Failure to file timely objections may waive the right to appeal the District Court's Order.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6, 72; *Small v. Secretary of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).  Plaintiffs are hereby directed to serve copies of this Report and Recommendation upon all defendants and to file proof of service with the Clerk of the Court immediately.

Dated: May 22, 2013
       Brooklyn, New York

                                    */s/ Ramon E. Reyes, Jr.*
                                    **Ramon E. Reyes, Jr.**
                                    **United States Magistrate Judge**