**NAYDENSKIY LAW GROUP P.C.**
2747 Coney Island Ave
Brooklyn, New York 11235
Telephone: (718) 808 2224
Email:Naydeskiylaw@gmail.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DMITRIY SEREBRYAKOV AND DMITRIY
KURAMYSHEV individually and On behalf of all
other similarly situated persons,

INDEX: 12-cv-03990

Plaintiffs,

GOLDEN TOUCH TRANSPORTATION OF NY,
INC. and LOKEKO INC., and DOUBLE "K" USA,
CORP. and KONSTANTIN DERGUNOV

Defendants.
-------------------------------------------------------------X

### DECLARATION OF GENNADIY NAYDENSKIY, ESQ. IN SUPPORT OF PLAINTIFFS' MOTION TO CONDITIONALLY CERTIFY A FAIR LABOR STANDARDS ACT COLLECTIVE ACTION AND AUTHORIZE NOTICE TO BE ISSUED TO ALL PERSONS SIMILARLY SITUATED

1.      I am an attorney for the plaintiffs in this action. I make this declaration in connection with Plaintiffs' Motion to Conditionally Certify a Fair Labor Standards Act ("FLSA") Collective Action and Authorize Notice to Be Issued to All Persons Similarly Situated, filed contemporaneously herewith.

2.      Plaintiffs commenced this collective action on behalf of themselves and on behalf of all others similarly situated by filing Plaintiffs' CLASS & COLLECTIVE ACTION COMPLAINT on August 10, 2012. Please find a copy of the CLASS & COLLECTIVE ACTION COMPLAINT attached hereto as **Exhibit A**.

3.      Please find attached hereto as **Exhibit B** the DECLARATION OF DMITRIY SEREBRYAKOV, which provides detailed personal information regarding Plaintiff Serebryakov's job responsibilities and work schedule with Defendants, his compensation structure, and his awareness of Defendants' compensation structures for their other similarly situated employees.

4.      Please find attached hereto as **Exhibit C** the DECLARATION OF DMITRIY KURAMYSHEV, which provides detailed personal information regarding Plaintiff Kuramyshev's job responsibilities and work schedule with Defendants, his compensation structure, and his awareness of Defendants' compensation structures for their other similarly situated employees.

5.      By their motion, Plaintiffs ask the Court to approve and authorize mailing to all potential collective action members of the proposed collective action notice styled NOTICE OF LAWSUIT WITH OPPORTUNITY TO JOIN.  Please find the NOTICE OF LAWSUIT WITH OPPORTUNITY TO JOIN attached hereto as **Exhibit D**.

6.      Plaintiffs request the Court approve the proposed CONSENT TO BECOME A PARTY PLAINTIFF, attached hereto as **Exhibit E** for use by Collective Action Members who elect to "opt in" to this case pursuant to 29 U.S.C. § 216(b).

7.      Plaintiffs request the Court approve the proposed DEADLINE REMINDER LETTER attached hereto as **Exhibit F** to be mailed to potential plaintiffs prior to the termination of the opt-in period.

8.      Plaintiffs request the Court approve the translation of the NOTICE OF LAWSUIT WITH OPPORTUNITY TO JOIN attached hereto as **Exhibit D,** CONSENT TO BECOME A PARTY PLAINTIFF form, attached hereto as **Exhibit E, and** DEADLINE REMINDER LETTER attached hereto as **Exhibit F**, into Russian.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 1st day of May, 2015.

_____s/_____
Gennadiy Naydenskiy GN(5601)
NAYDENSKIY LAW GROUP P.C.
2747 Coney Island Ave
Brooklyn, New York 11235
Telephone: (718) 808 2224
Email:Naydeskiylaw@gmail.com
*Attorneys for Plaintiffs and the
putative collective Plaintiffs*

# EXHIBIT A

**SUMMONS ISSUED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
CLERK

2012 AUG 10 AM 11: 31

-------------------------------------------------------------X
DMITRIY SEREBRYAKOV AND DMITR
KURAMYSHEV individually and On behalf of
other similarly situated persons,

CV 12 3990

OF NEW YORK

Plaintiffs,

GARAUFIS, J.

**FLSA COLLECTIVE**
**ACTION AND RULE 23**
**CLASS ACTION**

GOLDEN TOUCH TRANSPORTATION OF NY,
INC. and LOKEKO INC., and DOUBLE "K" USA,
CORP. and KONSTANTIN DERGUNOV

**JURY TRIAL DEMANDED**

REYES, M.J

Defendants.
-------------------------------------------------------------X

Plaintiffs, DMITRIY SEREBRYAKOV AND DMITRIY KURAMYSHEV, on behalf of

themselves and all other similarly situated individuals (hereinafter referred to collectively

as "Plaintiffs"), by and through their attorneys, Kleyman & Associates P.C., as and for their

Complaint, respectfully allege as follows, upon personal knowledge as to themselves and

their own acts, and upon information and belief as to all other matters:

## PRELIMINARY STATEMENT

1. Plaintiffs bring this action, on behalf of himself and other employees similarly situated
   to remedy violations of the Fair Labor Standards Act. Plaintiffs seek for themselves and
   similary situatied employees, declaratory and injuctive relief, unpaid wages, unpaid
   overtime, liquidated damages, reasonable attorneys' fees and all other appropriate legal
   and equitable relief pursuant to (29 U.S.C. §§207(a), 211(c), 215(a)(2)(5), 216, 217)
   and other applicable law.

2. Plaintiffs also bring this action, on behalf of themselves and other employees similary
   situations to remedy violations of the New York States Law Law, including N.Y. Lab.,
   L. §§ 190 et seq. §§ 650 et. seq. and 12 NYCRR § 142-2.2. Plaintiffs seek for

1



themselves and similary situatied employees, declaratory and injuctive relief, unpaid wages, unpaid overtime, liquidated damages, reasonable attorneys' fees and all other appropriate legal and equitable relief pursuant to N.Y. Lab., L. §§ 198,663.

## *NATURE OF THE ACTION AND JURISDICTION*

3. This is a civil action brought by Plaintiffs both in their individual capacity, and as a representative action on behalf of others similarly situated for claims pursuant to sections 7(a), 11(c), 15(a)(2)(5), 16, and 17 of the Fair Labor Standards Act, as amended (29 U.S.C. §§207(a), 211(c), 215(a)(2)(5), 216, 217), (hereinafter referred to as "FLSA") and as a class action pursuant to Fed. R. Civ. P. 23(b) for claims brought under Article Nineteen of the New York State Labor Law ("NYS Labor Law") and its implementing regulations.

4. More specifically, this Complaint alleges that by willfully failing, refusing or neglecting to pay Plaintiffs overtime pay at a rate of time and one-half for all hours worked over forty (40) hours per week, Defendants violated the FLSA and NYS Labor Law, and Plaintiffs are entitled to actual and liquidated damages, injunctive and declaratory relief, and reasonable attorney's fees pursuant to Section 16(b) of FLSA (29 U.S.C. § 216(b)) and Section 663 (1) of the NYS Labor Law.

5. This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §§ 1331.

6. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

7. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

8. Venue properly lies in this district under 28 U.S.C. § 1391(b). A substantial part of the events and occurrences underlying this litigation occurred within this district.

## *PARTIES*

9. Plaintiffs are former and present transportation drivers and helpers that were employed by the Defendants during the six (6) years preceding the filing of this Complaint through the present, and who regularly worked over forty (40) hours a week for the Defendant, but who were not paid overtime pay at a rate of time and one-half as required by FLSA, Section 7 (29 U.S.C. § 207) and Article 19 of the NYS Labor Law.

10. Plaintiffs have no have no corporate parents, subsidiaries, or affiliates.

11. Plaintiff Dmitry Serebryakov ("Serebryakov") resides in the County of Kings in the State of New York. At all relevant times, Plaintiff Serebryakov was employed by Defendants as an Airport Transportation Driver, as described herein, from in or about 2011-April 2012.

12. Plaintiff Dmitry Kuramyshev ("Kuramyshev") resides in the County of Kings in the State of New York. At all relevant times, Plaintiff Kuramyshev was employed by Defendants as an Airport Transportation Driver, as described herein, from in or about 2010-July 2012.

13. Defendant, GOLDEN TOUCH TRANSPORTATION OF NY, INC., ("Golden Touch") upon information and belief, is a corporation of the State of New York, having a principal place of business at 109-15 14th Avenue, College Point, NY, and an office located at Bus Lot Hangar 3, La Guardia Airport, in the County of Queens, in the State of New York.

14. The Plaintiff's at all relevant times were Driving Vans provided by Golden Touch and all other Defendants are subsidiaries and/or franchises of Golden Touch.

15. Defendant, LOKEKO INC., ("Lokeko") upon information and belief, is a corporation

3

of the State of New York, having a principal place of business at 20 MERLE PLACE, APT. #4M STATEN ISLAND, NEW YORK, 10305, in the County of Richmond, in the State of New York.

16. Defendant, DOUBLE "K" USA, CORP. ("Double K") upon information and belief, is a corporation of the State of New York, having a principal place of business at 302 WINGHAM STREET STATEN ISLAND, NEW YORK, 10305 County of Richmond, in the State of New York.

17. The Plaintiff's at all relevant times were paid either by Double K or by Lokeko.

18. Defendant, Konstantin Dergunov ("Dergunov") is the owner, chairman/chief executive officer, manager and/or operator of Defendants Double K and Lokeko. Defendant Dergunov has, and at all relevant times had, and excercised, the power to hire, fire, and control the wages and working conditions of Plaintiffs.

19. Defendants grossed more than $500,000.00 in each of the last six calendar years individually and collectively.

20. At all relevant times Defendants have been and continue to be, "employers" engaged in interstate "commerce" and/or in the "production of goods" for "commerce" within the meaning of 29 U.S.C § 203 and the NYLL. At all relevant times, Defendants have employed "employee[s]", including Plaintiff, each of the FLSA collective Plaintiff and the class members

21. Upon information and belief, at all times material hereto, Defendants GOLDEN TOUCH TRANSPORTATION OF NY, INC. and LOKEKO INC., and DOUBLE "K" USA, CORP. and KONSTANTIN DERGUNOV and the John Doe Shareholders (hereinafter sometimes collectively referred to as "Defendants") were and are for-profit

4

domestic corporations, entities, and/or individuals doing business within the City and State of New York. At all relevant times hereto, the Defendants were employers and/or joint employers of the Plaintiffs and others similarly situated in an industry affecting commerce within the meaning of Section 3 of the FLSA (29 U.S.C. §203).

### *CLASS ACTION ALLEGATIONS*

22. The precise number of the individuals in the class are known only to the Defendants. The class is believed to include more than fifty (50) individuals. Joinder of all class members is impracticable.

23. There are questions of law and fact common to the class, and the claims of Plaintiffs are typical of the class claims.

24. Defendants have acted or refused to act on grounds generally applicable to the class with respect to the claims set forth in the First and Second Causes of Action, thereby making final injunctive relief applicable to the class appropriate under Rule 23(b)(2) of the Federal Rules of Civil Procedure.

25. The Plaintiffs will fairly and adequately protect the interests of the class.

26. Common claims predominate over any questions affecting only individual class members.

27. Plaintiffs' counsel is experienced in conducting class actions in the federal courts and is prepared to advance the costs that are necessary to litigate this action vigorously, including the cost of sending a class notice.

28. The Plaintiffs' interests in the claims set forth herein are in no way antagonistic or adverse to those of other class members.

29. A class action under Fed. R. Civ. P. 23(b)(3) is superior to other methods of adjudicating the claims that are described herein, based upon the following reasons:

a. Common issues of law and fact, as well as the relatively small claim of each class member, substantially diminishes the interest of members of the class individually controlling the prosecution of separate actions;

b. Many of the class members are unaware of their rights to prosecute these claims and lack the means or resources to secure legal assistance;

c. Upon information and belief, the Defendants reside and/or maintain their principal place of business in this district.

d. Upon information and belief, the vast majority of the class members reside in this district.

e. There has been no litigation previously or presently commenced by members of the class to determine the questions presented; and

f. A class action can be managed without undue difficulty since the Defendants have regularly committed the violations that are complained of herein, and were required to maintain detailed records concerning each member of the class.

### AS AND FOR A FIRST CLAIM FOR RELIEF
**(Violation of FLSA - Representative Action Brought by Plaintiffs on behalf of themselves and the class)**

30. All previous paragraphs are incorporated as though fully set forth herein.

31. At all relevant times herein, Plaintiffs were employed by the Defendants as airport transportation drivers and/or helpers.

32. Plaintiffs regularly performed work for the Defendants in excess of forty (40) hours per week for which no additional/overtime compensation was paid in violation of FLSA section § 7 (29 U.S.C. § 207).

6

33. Defendants' failure to make payment of overtime constitutes a violation of FLSA section § 7 (29 U.S.C. § 207). The Defendants' failure to make payment was willful within the meaning of the FLSA.

34. Accordingly, pursuant to Sections 7 and 16 of FLSA (29 U.S.C. §§207 and 216), Defendants are liable to the Plaintiffs for the following: (a) unpaid overtime wages calculated at the rate of time and a half (b) liquidated damages, and (c) reasonable attorneys' fees, costs and disbursement incurred in the action.

## *AS AND FOR A SECOND CLAIM FOR RELIEF*
### (Alleging Failure to Pay the Legally Mandated Overtime Premium Violations of the FLSA Brought by Plaintiffs on behalf of themselves and the class)

35. All previous paragraphs are incorporated as though fully set forth herein.

36. The FLSA requires that covered employees be compensated for every hour worked in a workweek. *See* 29 U.S.C. § 206(b).

37. The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in a workweek. *See* 29 U.S.C. § 207(a)(1).

38. At all times relevant to this Complaint, Plaintiffs were covered employees entitled to FLSA protections.

39. At all times relevant to this Complaint, Plaintiffs were not exempt from receiving FLSA overtime benefits.

40. Defendant is a covered employer required to comply with the FLSA mandates.

41. At all times relevant to this Complaint, Defendant violated the FLSA with respect to Plaintiffs by failing to compensate Plaintiffs at the rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek.

7

42. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

43. Accordingly, pursuant to Sections 7 and 16 of FLSA (29 U.S.C. §§207 and 216), Defendants are liable to the Plaintiffs for the following: (a) unpaid overtime wages calculated at the rate of time and a half (b) liquidated damages, and (c) reasonable attorneys' fees, costs and disbursement incurred in the action.

### AS AND FOR A THIRD CLAIM FOR RELIEF
**(Alleging Failure to Pay for all Hours Worked Violations of the FLSA Brought by Plaintiffs on behalf of themselves and the class)**

44. All previous paragraphs are incorporated as though fully set forth herein.

45. The FLSA requires that covered employees be compensated for every hour worked in a workweek. *See* 29 U.S.C. § 206(b).

46. The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in a workweek. *See* 29 U.S.C. § 207(a)(1).

47. At all times relevant to this Complaint, Plaintiffs were covered employees entitled to FLSA protections.

48. At all times relevant to this Complaint, Plaintiffs were not exempt from receiving FLSA overtime benefits because, *inter alia,* they were not an "outside sales" employee, as those terms are defined under the FLSA. *See* 29 C.F.R. §§ 541.500, *et seq.*

49. Defendant is a covered employer required to comply with FLSA mandates.

50. Defendant violated the FLSA with respect to Plaintiffs by failing to compensate Plaintiffs for all hours worked and, with respect to such hours, failing to pay Plaintiffs the legally mandated overtime premium.

51. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

52. Accordingly, pursuant to Sections 7 and 16 of FLSA (29 U.S.C. §§207 and 216), Defendants are liable to the Plaintiffs for the following: (a) unpaid overtime wages calculated at the rate of time and a half (b) liquidated damages, and (c) reasonable attorneys' fees, costs and disbursement incurred in the action.

### AS AND FOR A FOURTH CLAIM FOR RELIEF
**(Alleging Recordkeeping Violations of the FLSA Brought by Plaintiffs on behalf of themselves and the class)**

53. All previous paragraphs are incorporated as though fully set forth herein.

54. The FLSA requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* 29 U.S.C. § 516.2 *et seq.*

55. Defendant is a covered employer required to comply with FLSA mandates.

56. During all relevant times, Plaintiffs were covered employees entitled to FLSA protections.

57. Defendant violated the FLSA with respect to Plaintiffs by failing to maintain accurate records of the actual hours Plaintiffs worked each workday and within each workweek.

58. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

59. Accordingly, pursuant to Sections 7 and 16 of FLSA (29 U.S.C. §§207 and 216), Defendants are liable to the Plaintiffs for the following: (a) unpaid overtime wages calculated at the rate of time and a half (b) liquidated damages, and (c) reasonable attorneys' fees, costs and disbursement incurred in the action.

## AS AND FOR A FIFTH CLAIM FOR RELIEF
### (NYS Labor Law - Class Action Brought by Plaintiffs on behalf of themselves and the class)

60. All previous paragraphs are incorporated as though fully set forth herein.

61. At all relevant times herein, Plaintiffs were employed by the Defendants as airport transportation drivers and/or helpers.

62. Plaintiffs regularly performed overtime work for the Defendants in excess of forty (40) hours a week for which no additional compensation was paid in violation of NYS Labor Law Article 19 and its implementing regulations, 12 NYCRR § 142-2, et seq.

63. Defendants' failure to pay proper overtime wages for each hour worked over forty (40) hours per week was willful within the meaning of NYS Labor Law § 663.

64. The failure, refusal or neglect of the Defendants to pay proper overtime wages for each hour worked over forty (40) hours per week constitutes a violation of NYS Labor Law Article 19.

65. Accordingly, pursuant to NYS Labor Law Article 19 and its implementing regulations, 12 NYCRR § 142-2, et seq., Defendants are liable to the Plaintiffs for the following: (a) unpaid overtime wages (b) liquidated damages, and (c) reasonable attorneys' fees and costs and disbursement incurred in the action.

## AS AND FOR A SIXTH CLAIM FOR RELIEF
### (Improper Deductions from Wages –NYLL- Brought by Plaintiffs on behalf of themselves and the class)

66. All previous paragraphs are incorporated as though fully set forth herein.

67. Defendants violated § 193 of the NYLL by illegal deducting monies from Plaintiff's and the Class Member's pay.

68. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and the

10

Class Members have sustained damages including lost earnings, in an amount to be determined at trial.

69. Plaintiff and the Class Members seek damages in the amount of their lost earning, liquidated damages, pre-judgment interest, attorneys' fees and costs, as provided by the NYLL, and such other legal and equitable relief as this Court deems just and proper.

## DEMAND FOR A JURY TRIAL

70. Plaintiffs hereby demand a trial by jury on all claims, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**WHEREFORE**, Plaintiffs, DMITRIY SEREBRYAKOV AND DMITRIY KURAMYSHEV, on behalf of themselves and all other similarly situated individuals, respectfully demand judgment as against all of the Defendants, jointly and severely, as follows

A. On the First to Third Causes of Action, judgment in favor of Plaintiffs and others similarly situated for their claims of unpaid overtime wages as well as an equal amount of liquidated damages for the period of September 2010 through date of judgment pursuant to the FLSA;

B. On the Fifth Cause of Action, judgment in favor of Plaintiffs and others similarly situated for their claims of unpaid overtime wages as well as additional award of liquidated damages in the amount of 25% of the total unpaid overtime wages for the period September 2012 through date of judgment pursuant to the NYS Labor Law;

C. On the First Cause of Action, a declaration from this Court certifying this action as a representative action for all claims brought under the FLSA;

D. On the Second Cause of Action, a declaration from this Court certifying this action as a class action pursuant to Fed. R. Civ. P. 23(b) for all claims brought under Article 19 of

11

NYS Labor Law;

E. On all Causes of Action, a declaration from this Court declaring that the Defendants violated the FLSA and NYS Labor Law;

F. On all Causes of Action, an order from this Court enjoining the Defendants from committing future violations of the FLSA and NYS Labor Law;

G. The reimbursement of the Plaintiffs' reasonable attorney's fees, as well as the costs and disbursements associated with the prosecution of this action, pursuant to FLSA § 216(b) and NYS Labor Law §663.1; and

H. Such other and further relief as the Court deems just and proper.

Dated: Brooklyn , New York
       August 8 2012

Respectfully submitted,

*/s/ Steven Yuniver, Esq.*

Steven Yuniver, Esq. (SY 4383)
Kleyman & Associates, P.C.
2227 86th St.
Brooklyn, NY 11214
Tel. (718) 234-5353
Fax (718) 234-5885
Syuniver@kleymanfirm.com
*Attorney for Plaintiffs*

# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DMITRIY SEREBRYAKOV AND DMITRIY
KURAMYSHEV individually and On behalf of all
other similarly situated persons,

**INDEX: 12-cv-3990**

Plaintiffs,

GOLDEN TOUCH TRANSPORTATION OF NY,
INC. and LOKEKO INC., and DOUBLE "K" USA,
CORP. and KONSTANTIN DERGUNOV

Defendants.
-----------------------------------------------------------X

## DECLARATION OF DMITRIY SEREBRYAKOV

I, DMITRIY SEREBRYAKOV, under penalty of perjury, affirm as follows:

1.      I was employed by Defendants as described herein, beginning from in or about

September 26, 2011,  until in or about May 26, 2012.

2.      I was hired by Defendant Konstantin Dergunov to work for Defendants as a

driver for their Golden Touch Transportation franchises. Defendant Konstantin Dergunov paid

me and controlled my schedule, duties, and working conditions through both Defendants

Lokeko Inc. and Double "k" USA.

3.      During my employment, Defendants ordinarily scheduled me to work five (5)

days a week starting from 5:00PM until 6:00AM.

4.      Thus, I worked approximately 65 hours a week.

5.      I spoke with and know that other drivers like Yivgeny, Roman, and Aziz (Last

Names Unknown) also worked over forty (40) hours a week while employed by Defendants.

6.      Defendants compensated me at a rate of 60% of receivables from the franchisor

GOLDEN TOUCH TRANSPORTATION OF NY.

7.     I spoke with other drivers like Yivgeny, Roman, and Aziz (Last Names Unknown) who were also paid at a rate of 60% of receivables from the franchisor GOLDEN TOUCH TRANSPORTATION OF NY.

8.     Defendants did not pay me an hourly rate of pay or an overtime premium for work performed in excess of 40 hours per work week.

9.     I know through conversations with other drivers like Yivgeny, Roman, and Aziz (Last Names Unknown) that Defendants also did not pay other drivers an hourly rate of pay or an overtime premium for work performed in excess of 40 hours per work week.

10.    Some drivers were required to sign a contract agreeing to be an independent contractor. However, regardless of the contract, drivers, like me, including Yivgeny, Roman, and Aziz (last names unknown) had similar wages, scheduled hours of work, and duties such as picking up passengers at pre-determined locations and dropping them off at a pre-determined locations.

11.    I did not have the opportunity to find or drive any customers on my own.

12.    I did not have the opportunity for profit or loss from Defendants' business and I was not allowed to hire anyone to drive for and/or instead of me.

13.    Other drives including Yivgeny, Roman, and Aziz (last names unknown) also did not have the opportunity to find any of their own customers or drivers.

14.    Other drivers and I were required to text Defendant Konstantin Dergunov every two (2) weeks describing tolls paid, expenses and compensation due.

15.    Defendant Konstantin Dergunov had to approve my requested days off. For example, I always needed Defendant Konstantin Dergunov's approval to take a sick day. Accordingly, when I took sick days I asked Defendant Konstantin Dergunov for the day off.

16.     I spoke with other drivers like Yivgeny, Roman, and Aziz (Last Names Unknown) who also needed approval from Defendant Konstantin Dergunov for their requested days off.

17.     From conversations I had with other drivers including Yivgeny, Roman, and Aziz, I know that Defendants threatened us, drivers, that money would be deducted from our paychecks if we requested too many days off.

Dated:
4/27/15

_____
DMITRIY SEREBRYAKOV

# EXHIBIT C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DMITRIY SEREBRYAKOV AND DMITRIY
KURAMYSHEV individually and On behalf of all
other similarly situated persons,

            **INDEX: 12-cv-3990**

            Plaintiffs,

GOLDEN TOUCH TRANSPORTATION OF NY,
INC. and LOKEKO INC., and DOUBLE "K" USA,
CORP. and KONSTANTIN DERGUNOV

            Defendants.
------------------------------------------------------------X

## DECLARATION OF DMITRIY KURAMYSHEV

I, DMITRIY KURAMYSHEV, under penalty of perjury, affirm as follows:

    1.     I was employed by Defendants as described herein, beginning from in or about September, 2011,  until in or about July, 2012.

    2.     I was hired by Defendant Konstantin Dergunov to work for Defendants as a driver for their Golden Touch Transportation franchises. Defendant Konstantin Dergunov paid me and controlled my schedule, duties, and working conditions through both Defendants Lokeko Inc. and Double "k" USA Corp.

    3.     During my employment Defendants, scheduled me to work five (4) days a week starting from 3:30PM until 6:00AM.

    4.     Thus, I worked approximately 58 hours a week.

    5.     Defendants compensated me at a rate of 60% of receivables from the franchisor Golden Touch Transportation.

    6.     Defendants did not pay me an hourly rate of pay or an overtime premium for work performed in excess of 40 hours per work week.

7.　　I spoke with other driver(s) like Yivgeny (Last Name Unknown) who were also paid at the rate of 60% of receivables from the franchisor Golden Touch Transportation.

8.　　I know through conversations with other drivers like Yivgeny (Last Name Unknown) that Defendants also did not pay other drivers an hourly rate of pay or an overtime premium for work performed in excess of 40 hours per work week.

9.　　Some drivers were required to sign a contract agreeing to be an independent contractor. However, regardless of the contract, other drivers like Yivgeny, (last name unknown) had similar wages, scheduled hours of work, and duties such as picking up passengers at pre-determined locations and dropping them off at a pre-determined location.

10.　　I did not have the opportunity to find or drive any customers on my own.

11.　　I did not have the opportunity for profit or loss from Defendants' business and I was not allowed to hire anyone to drive for and/or instead of me.

12.　　Other drives including Yivgeny (last name unknown) also did not have the opportunity to find any of their own customers or drivers.

13.　　Other drivers and I were required to text Defendant Konstantin Dergunov every two (2) weeks describing work performed and compensation due.

14.　　Defendant Konstantin Dergunov had to approve my requested days off. For example, Defendant Konstantin Dergunov denied a requested day off in 2012 citing a lack of drivers to fill in for me as the reason for denying the day off.

15.　　I spoke with other driver(s) like Yivgeny (Last Name Unknown) who also needed approval from Defendants for requested days off.

Dated: 04.29.15

DMITRIY KURAMYSHEV

# EXHIBIT D

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

DMITRIY SEREBRYAKOV AND DMITRIY
KURAMYSHEV individually and On behalf of all
other similarly situated persons,

                                        **INDEX:** **12-cv-03990**

                    Plaintiffs,

GOLDEN TOUCH TRANSPORTATION OF NY,
INC. and LOKEKO INC., and DOUBLE "K" USA,
CORP. and KONSTANTIN DERGUNOV

                    Defendants.

-------------------------------------------------------------X

## NOTICE OF LAWSUIT WITH OPPORTUNITY TO JOIN

**FROM:**      **NAYDENSKIY LAW GROUP P.C.**
             2747 Coney Island Ave, Brooklyn, New York, 11235
             Telephone: (718) 808-2224
             Email:Naydenskiylaw@gmail.com

**TO:**      All current and former drivers, including drivers classified as "independent
             contractors", who worked for, or contracted with, Defendants Konstantin
             Dergunov, Lokeko Inc., or Double "K" USA, Corp. at any time between August
             10, 2006 to _____. [Insert date of Order granting 216(b)].

**RE:**      Opportunity to join a lawsuit asserting violations of the Fair Labor Standards Act
             and New York Labor Laws against Lokeko Inc., Double "K" USA, Corp., and
             Konstantine Dergunov (collectively, "Defendants") for their alleged failure to pay
             overtime premium compensation for all hours worked over forty (40) in a
             given workweek, as well as wage deduction claims under New York State
             Law.

## I.      INTRODUCTION

        The purpose of this notice is to inform you of the existence of a collective action lawsuit
in which you potentially are "similarly situated" to the named plaintiffs, to advise you of how
your rights may be affected by this lawsuit and to instruct you on the procedure for participating
in this lawsuit.

        The lawsuit at issue was filed on August 10, 2012 against defendants in the United
States District Court for the Eastern District of New York. The plaintiffs allege that the
defendants violated the federal Fair Labor Standards Act and the New York Labor Laws by
improperly failing to pay overtime premiums for all hours worked in excess of forty (40) per

week. The lawsuit also seeks damages for wage deduction violations pursuant to the New York Labor Laws, and seeks back pay and liquidated damages, as well as costs and attorneys' fees. Defendants deny the plaintiffs' allegations and deny that they are liable to the plaintiffs for any of the back pay, damages, costs or attorneys' fees sought.

## II.       COMPOSITION OF THE COLLECTIVE ACTION CLASS

Plaintiffs seek to bring this Fair Labor Standards Act claim on behalf of themselves and on behalf of all other employees with whom they are similarly situated. Specifically, plaintiffs seek to bring a Fair Labor Standards Act claim on behalf of themselves and all current and former drivers, including drivers classified as "independent contractors", who worked for, or contracted with, Defendants Konstantin Dergunov, Lokeko Inc., or Double "K" USA, Corp. at any time between August 10, 2006 and [insert date of Order granting 216(b)].

## III.      YOUR RIGHT TO PARTICIPATE IN THE LITIGATION

If you fit within the definition above and worked as a driver or contracted to be an "independent contractor" driver for Defendants Konstantin Dergunov, Lokeko Inc., or Double "K" USA, Corp. at any time between August 10, 2006 and_____[insert date of Order granting 216(b)], you may join this case. In order to join this case (that is, to "opt-in"), you **must** sign the attached "Consent to Become a Party Plaintiff" form and return it to the lawyers who are representing the plaintiffs no later than _____ [Insert date 60 days after the date of the mailing]. If you sign and return the attached form, you will be represented by plaintiffs' counsel at the following address:

NAYDENSKIY LAW GROUP P.C.
2747 Coney Island Ave
Brooklyn, New York 11235
Telephone: (718) 808 2224
Email:Naydeskiylaw@gmail.com

Your form must be sent to plaintiffs' counsel at the above address in sufficient time to have plaintiffs' counsel file it with the federal court on or before_____. [Insert the date 60 days after the date of the mailing] If you fail to return the Consent to Become a Party Plaintiff form to plaintiffs' counsel in time for it to be filed with the federal court on or before the above deadline, you may not be able to participate in this lawsuit. Furthermore, you can join this lawsuit by counsel of your own choosing. If you do so, your attorney must file an "opt-in" consent form by_____[Insert date that is 60 days after the date of the mailing].

## IV.      EFFECT OF JOINING THIS ACTION

If you choose to join in this case, you will be bound by the Judgment, whether it is favorable or unfavorable. The attorneys for the collective action plaintiffs are being paid on a contingency fee basis, which means that if there is no recovery, there will be no attorneys' fees. If there is a recovery, the attorneys for the collective action will receive a part of any settlement obtained or money judgment entered in favor of all members of the collective action. If you sign

and return the Consent to Become a Party Plaintiff form attached to this Notice, you are agreeing to designate the collective action representatives as your agents to make decisions on your behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit. These decisions and agreements made and entered into by the representative plaintiffs will be binding on you if you join this lawsuit. However, the Court has retained jurisdiction to determine the reasonableness of any contingency agreement entered into by the plaintiffs with counsel, and to determine the adequacy of the plaintiffs' counsel.

## V.      TO STAY OUT OF THE LAWSUIT

If you do not wish to be part of the lawsuit, you do not need to do anything. If you do not join the lawsuit, you will not be part of the federal claims portion of this case in any way and will not be bound by or affected by the result (whether favorable or unfavorable). Your decision not to join this case will not affect your right to bring a similar case on your own at a future time. However, claims under the Fair Labor Standards Act typically must be brought within 2 years of the date the claim accrues, unless the employer's violation of the law was "willful," in which case the claim must be brought within 3 years. In addition, claims under the New York Labor Laws typically must be brought within 6 years of the date the claim accrues.

## VI.      NO RETALIATION PERMITTED

Federal law prohibits Lokeko Inc., Double "K" USA, Corp., and Konstantine Dergunov from taking any retaliatory action against any person, including current employees, who joins or assists in the prosecution of this case. Defendants are prohibited by law from retaliating against you for exercising your rights under the Fair Labor Standards Act or New York Labor Laws.

## VII.      YOUR LEGAL REPRESENTATION IF YOU JOIN

If you choose to join this suit and agree to be represented by the named plaintiffs through their attorneys, your counsel in this action will be:

NAYDENSKIY LAW GROUP P.C.
2747 Coney Island Ave
Brooklyn, New York 11235
Telephone: (718) 808 2224
Email:Naydeskiylaw@gmail.com

## VIII.      FURTHER INFORMATION

Further information about this Notice, the deadline for filing a Consent to Become a Party Plaintiff, or answers to questions concerning this lawsuit may be obtained by contacting Plaintiffs' counsel: (a) by telephone at (718) 808-2224; (b) Email:Naydeskiylaw@gmail.com; or (c) in writing at NAYDENSKIY LAW GROUP P.C. 2747 Coney Island Ave Brooklyn, New York 11235.

THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK, THE HONORABLE RAMON E. REYES Jr., UNITED STATES MAGISTRATE JUDGE. THE COURT HAS TAKEN NO POSITION IN THIS CASE REGARDING THE MERITS OF THE PLAINTIFF'S CLAIMS OR OF THE DEFENDANTS' DEFENSES.

DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE.

DATED:_____, 2015

# EXHIBIT E

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

DMITRIY SEREBRYAKOV AND DMITRIY
KURAMYSHEV individually and On behalf of all other
similarly situated persons,

                              Plaintiffs,                                 ECF Case

              v.

                                                                          **12-cv-03990**

GOLDEN TOUCH TRANSPORTATION OF NY, INC.
and LOKEKO INC., and DOUBLE "K" USA, CORP. and
KONSTANTIN DERGUNOV

                              Defendants.

---

<u>**CONSENT TO BECOME A PARTY PLAINTIFF**</u>

By my signature below, I hereby authorize the filing and prosecution of the above styled Fair Labor Standards Act action in my name and on my behalf by the representative plaintiffs Dmitriy Serebryakov and Dmitriy Kuramyshev as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation and all other matters pertaining to this lawsuit. I understand that I will be represented by Naydenskiy Law Group, P.C. without prepayment of costs or attorneys' fees. I understand that if plaintiffs are successful, costs expended by attorneys on my behalf will be deducted from my settlement or judgment first. I understand that my attorneys may petition the court for an award of fees and costs to be paid by defendant on my behalf. I understand that the amount of the fees will be approximately 1/3 of my total settlement or judgment, or such other amount as approved by the Court.

_____          _____          _____
Printed Name                                      Signature                                       Date

_____          _____          _____
Street Address                                    Email Address                                  Telephone

_____          _____
City, State, Zip code                          Approximate Dates of Employment

PLEASE RETURN THIS FORM FOR FILING WITH THE COURT BY **[60 days from date of mailing]** TO:

NAYDENSKIY LAW GROUP P.C.
2747 Coney Island Ave
Brooklyn, New York 11235
Telephone: (718) 808 2224
Email:Naydeskiylaw@gmail.com

# EXHIBIT F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X
DMITRIY SEREBRYAKOV AND DMITRIY
KURAMYSHEV individually and On behalf of all
other similarly situated persons,

                                       **INDEX: 12-cv-03990**

                      Plaintiffs,

GOLDEN TOUCH TRANSPORTATION OF NY,
INC. and LOKEKO INC., and DOUBLE "K" USA,
CORP. and KONSTANTIN DERGUNOV

                     Defendants.
------------------------------------------------------------X

### REMINDER - DEADLINE TO JOIN LAWSUIT IS [insert close of opt-in period date]

      This letter is to remind you that the deadline to opt-in to the wage and hour lawsuit currently pending against Lokeko Inc., and Double "K" USA, Corp., and Konstantine Dergunov is _____ _____[insert close of opt-in period date]. If you want to participate in the lawsuit, as detailed in the prior "Notice of Lawsuit with Opportunity to Join" letter that you should have received dated _____, please complete the attached "Consent to Become A Party Plaintiff" form and return to:

NAYDENSKIY LAW GROUP P.C.
2747 Coney Island Ave
Brooklyn, New York 11235
Telephone: (718) 808 2224
Email:Naydeskiylaw@gmail.com

      Further information about this Notice, the deadline for filing a Consent to Become a Party Plaintiff, or answers to questions concerning this lawsuit may be obtained by contacting Plaintiffs' counsel: (a) by telephone at (718) 808-2224; (b) Email:Naydeskiylaw@gmail.com; or (c) in writing at NAYDENSKIY LAW GROUP P.C. 2747 Coney Island Ave Brooklyn, New York 11235.

THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK, THE HONORABLE RAMON E. REYES Jr., UNITED STATES MAGISTRATE JUDGE. THE COURT HAS TAKEN NO POSITION IN THIS CASE REGARDING THE MERITS OF THE PLAINTIFFS' CLAIMS OR OF THE DEFENDANTS' DEFENSES. DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE.

Questions? Please call Naydenskiy Law Group P.C. at (718) 808-2224
