NAYDENSKIY LAW GROUP, P.C.
2747 Coney Island Ave
Brooklyn, New York 11235
Telephone: (718) 808 2224
Email:Naydeskiylaw@gmail.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------X
DMITRIY SEREBRYAKOV AND DMITRIY
KURAMYSHEV individually and On behalf of all
other similarly situated persons,                          **INDEX: 12-cv-3990**

               Plaintiffs,

GOLDEN TOUCH TRANSPORTATION OF NY,
INC. and LOKEKO INC., and DOUBLE "K" USA,
CORP. and KONSTANTIN DERGUNOV

               Defendants.
----------------------------------------------------------X


## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO CONDITIONALLY CERTIFY A FAIR LABOR STANDARDS ACT COLLECTIVE ACTION AND AUTHORIZE NOTICE TO BE ISSUED TO ALL PERSONS SIMILARLY SITUATED

# TABLE OF CONTENTS

**Page**

Table of Authorities ........................................................................................................ ii

PRELIMINARY STATEMENT........................................................................................1

STATEMENT OF FACTS ................................................................................................2

BACKGROUND…………………………………………………………………………2

ARGUMENT ....................................................................................................................5

I.      CONDITIONAL CERTIFICATION OF A COLLECTIVE ACTION IS
        APPROPRIATE…………………...................................................................................5

        A.      Conditional Certification Requires Only a Minimal Showing that Plaintiffs
                Serebryakov and Kuramyshev Are Similarly Situated
                to Other Employees....................................................................................7

        B.      The Underlying Merits of the Case Are Immaterial to the Determination of
                Conditional Certification and Notice .......................................................10

II.     THE ISSUANCE OF A *HOFFMAN-LAROCHE* NOTICE IS APPROPRIATE ..............11

        A.      The Proposed Notice Is Fair and Accurate...............................................11

        B.      This Court Should Order Defendants to Produce the Limited Amount of
                Information Necessary to Ensure Timely and Effective Notice ..............15

CONCLUSION ..............................................................................................................16

# TABLE OF AUTHORITIES

CASES

*Ack v. Manhattan Beer Distributors, Inc.,*
    No. 11-cv-5582, 2012 U.S. Dist. LEXIS 67883 (E.D.N.Y. May 15, 2012) ...........................12

*Anglada v. Linens 'N Things Inc.,*
    2007 U.S. Dial. LEXIS 39105, at *20 (S.D.N.Y. 2007)………………………………..10

*Braunstein v. Eastern Photographic Laboratories, Inc.,*
    600 F.2d 335 (2d Cir. 1979)...............................................................................................11

*Cano v. Four M Food Corp.,*
    No. 08-cv-3005, 2009 U.S. Dist. LEXIS 7780 (E.D.N.Y. Feb. 3, 2009)........................ …...8

*Chhab v. Darden Rests., Inc.,*
    No. 11-cv-8345, 2013 U.S. Dist. LEXIS 135926 (S.D.N.Y. Sept. 20, 2013).........................14

*Cook v. United States,*
    109 F.R.D. 81 (E.D.N.Y. 1985) ............................................................... ….15

*Delaney v. Geisha NYC, LLC,*
    261 F.R.D. 55, 60 (S.D.N.Y.2009)......................................................................................16

*Fasanelli v. Heartland Brewery, Inc,*
    516 F. Supp.  2d at 322 (S.D.N.Y. 2007)………………………………………………10

*Garcia v. Four Bros. Pizza,*
    No. 13-cv-1505, 2014 U.S. Dist. LEXIS 75015 (S.D.N.Y. May 23, 2014).........................9

*Gjurovich v. Emmanuel's Marketplace, Inc.,*
    282 F. Supp. 2d 101 (S.D.N.Y. 2003)...............................................................................13

*Guillen v. Marshalls of MA, Inc.,*
    750 F. Supp. 2d 469, 475 (S.D.N.Y. 2010)..........................................................................6

*Gulf Oil Co. v. Bernard,*
    452 U.S. 89 (1981)............................................................................... ….14

*Hernandez v. Bare Burger Dio Inc.,*
    No. 12-cv-7794, 2013 U.S Dist. LEXIS 89254 (S.D.N.Y. June 25, 2013) .........................6, 8

*Hinterberger v. Catholic Health Sys., Inc.,*
    No. 08-cv-3805, 2010 U.S. Dist. LEXIS 96435 (W.D.N.Y. May 13, 2010) .........................14

*Hoffman v. Sbarro, Inc.,*

982 F. Supp. 249 (S.D.N.Y. 1997) ..........................................................................7

*Hoffman-LaRoche, Inc. v. Sperling*,
   493 U.S. 165 (1989)................................................................................. *passim*

*Iglesias-Mendoza v. La Belle Farm*,
   239 F.R.D. 363 (S.D.N.Y. 2007) ..........................................................................15

*In re Deloitte & Touche, LLP Overtime Litigation*,
   No. 11-cv-2461, 2012 U.S. Dist. LEXIS 12641 (S.D.N.Y. Jan. 17, 2012)............................15

*Jacob v. Duane Reade, Inc.*,
   No. 11-cv-0160, 2012 U.S. Dist. LEXIS 11053 (S.D.N.Y. Jan. 27, 2012) ...........................12

*Jennings v. Cellco P'ship.*,
   No. 12-cv-293, 2012 U.S. Dist. LEXIS 90994 (D.Minn. July 2, 2012)..................................14

*Johnson v. American Airlines, Inc.*,
   531 F. Supp. 957 (N.D. Tex. 1982) ..........................................................................12

*Laroque v. Domino's Pizza, LLC*,
   557 F. Supp. 2d 346, 354 (E.D.N.Y. 2008)…………………………………………………...10

*Lin v. Benihana Nat'l Corp.*,
   755 F. Supp. 2d 504, 514 (S.D.N.Y. 2010)..........................................................................16

*Lujan v. Cabana Mgmt.*,
   2011 U.S. Dist. LEXIS 9542 (E.D.N.Y. Feb. 1, 2011)…………………………………………..8

*Lynch v. United Servs. Auto. Ass'n*,
   491 F. Supp. 357, 368 (S.D.N.Y, 2007)…………………………………………………......10

*Mentor v. Imperial Parking Sys., Inc.*,
   246 F.R.D. 178, 181 (S.D.N.Y. 2007)…………………………………………………….7,10

*Morales v. Plantworks, Inc.*,
   No. 05 Civ. 2349 (DC), 2006 U.S. Dist. LEXIS 4267 (S.D.N.Y. Feb. 2, 2006) ....................6

*Morris v. Lettire Constr. Corp.*,
   896 F. Supp. 2d 265 (S.D.N.Y. 2012)..........................................................................14

*Myers v. Hertz Corp.*,
   624 F.3d 537 (2d Cir. 2010)..........................................................................5, 6, 7, 11

*Patton v. Thomson Corp.*,
   364 F. Supp. 2d 263 (E.D.N.Y. 2005) ..........................................................................8

*Pippins v. KPMG LLP*,

No. 11-cv-377, 2012 U.S. Dist. LEXIS 949 (S.D.N.Y. Jan. 3, 2012) ...............................13, 15

*Ramos v. Platt,*
No. 13-cv-8957, 2014 U.S. Dist. LEXIS 100549 (S.D.N.Y. July 23, 2014).................. *passim*

*Raniere v. Citigroup Inc.,*
827 F. Supp. 2d 294 (S.D.N.Y. Nov. 22, 2011).....................................................15

*Romero v. Producers Dairy Foods, Inc.,*
235 F.R.D. 474, 492-93 (E.D.Cal. 2006) ............................................................12

*Sanchez  v. El Rancho Sports Bar Corp.,*
No. 13-cv-5119, 2014 U.S. Dist. LEXIS 66234 (S.D.N.Y. May 13, 2014) ..........................13

*Sanchez  v. Gansevoort Mgmt. Group, Inc.,*
No. 12-cv-75, 2013 U.S. Dist. LEXIS 9739 (S.D.N.Y. Jan. 10, 2013) ..................................7

*Sanchez v. Sephora USA, Inc.,*
No. 11-cv-3396, 2012 U.S. Dist. LEXIS 99924 (N.D. Cal. July 18, 2012)..........................14

*Schwerdtfeger v. Demarchelier Mgmt., Inc.,*
No. 10-cv-7557, 2011 U.S. Dist. LEXIS 60338 (S.D.N.Y. June 6, 2011) ..........................6, 9

*Shain v. Armour & Co.,*
40 F. Supp. 488 (W.D. Ky. 1941) .......................................................................5

*Shahriar v. Smith & Wollensky Restaurant Group., Inc.,*
659 F.3d 234 (2d Cir. 2011)..............................................................................5

*Sherrill v. Sutherland Global Servs. Inc.,*
487 F. Supp. 2d 344 (W.D.N.Y. 2007) ................................................................12

*Spicer v. Pier Sixty LLC,*
269 F.R.D. 321, 336 (S.D.N.Y. 2010) ..................................................................6

*Summa v. Hofstra Univ.,*
715 F. Supp. 2d 378 (E.D.N.Y. 2010) ................................................................11

*Winfield v. Citibank, N.A.,*
No. 10-cv-7394, 2012 U.S. Dist. LEXIS 16449 (S.D.N.Y. February 9, 2012)......................6

*Wraga v. Marble Lite, Inc.,*
2006 U.S. Dist. LEXIS 60457 (E.D.N.Y. Aug. 22, 2006).....................................................7

*Young v. Cooper Cameron Corp..*
229 F.R.D. 50, 54  (S.D.N.Y; 2005)………………………………………………………10

*Zheng Fang v. Yongjing Zhuang,*

No. 10-cv-1290, 2010 U.S. Dist. LEXIS 133618 (E.D.N.Y. Dec. 1, 2010) ...........................15

**STATUTES, RULES, AND REGULATIONS**

29 U.S.C.
   § 215(a)(3)....................................................................................................................11
   § 216(b)...............................................................................................................5, 7, 10
   § 256(b)....................................................................................................................15

Federal Rules of Civil Procedure
   Rule 23 ..........................................................................................................................8

## PRELIMINARY STATEMENT

Named plaintiffs Dmitriy Serebryakov and Dmitriy Kuramyshev ("Plaintiffs") respectfully submit this memorandum of law  in support of their motion for an order:

(1)      conditionally certifying Plaintiff's Fair Labor Standards Act ("FLSA") unpaid overtime claims (Counts I) as an FLSA collective action on behalf of all current and former drivers, including drivers classified as "independent contractors", who worked for, or contracted with, Defendants Konstantin Dergunov, Lokeko Inc., or Double "K" USA, Corp. at any time since August 10, 2006 to the entry of judgment in this case (the "Collective Action Period");

(2)      approving the Notice of Lawsuit with Opportunity to Join ("Notice") and Consent to Become a Party Plaintiff forms, attached to the Declaration of Gennadiy Naydenskiy  ("Naydenskiy Decl.") as Exhibit "D" and Exhibit "E," respectively;

(3)      directing Defendants to furnish the Plaintiffs in electronically readable form the names, last known addresses, telephone numbers (including cell phone numbers) and email addresses of all members of the defined class so that Plaintiffs can issue the Notice and requiring that the Notice be posted within Defendants' workplaces.

(4)      approving the deadline reminder notice ("Deadline Reminder") for mailing to the Collective Action Members, attached to the Naydenskiy Decl. as Exhibit "F".

## STATEMENT OF FACTS

This FLSA collective action and New York Labor Law class action commenced on August 10, 2012 (ECF Doc. 1). Defendants filed an Answer denying all material allegations on November 7, 2012[1]. (ECF Doc. 16)

Plaintiffs are former drivers employed or misclassified as "independent contractors" by Defendants Konstantin Dergunov ("Dergunov"), Lokeko Inc. ("Lokeko") and Double "k" USA Corp. ("Double K")[2], collectively referred to as "Defendants".

Defendant Dergunov currently owns, operates and manages Lokeko and Double K. Defendant Dergunov has the authority to- and does- hire, fire, set wages, and control the working conditions of the Plaintiffs and Collective Plaintiffs. (*See* Serebryakov Decl.; Kuramyshev Decl.). Defendant Dergunov typically participated in  the day-to-day operations of Lokeko and Double K and was in charge of determining Lokeko's and Double K's policies with regard to payroll, including the unlawful practices complained of herein, and otherwise running the business of Lokeko and Double K. (*See* Serebryakov Decl. Gen.; Kuramyshev Decl. Gen.), In the Complaint, Plaintiffs allege that Defendants violated their FLSA rights and the rights of all drivers employed or misclassified as "independent contractors", by failing to pay overtime premiums for  work performed in excess of forty (40) hours per week. (Naydenskiy Decl. as Exhibit A)

## BACKGROUND

Defendant Dergunov owns and operates two Golden Touch Trasportation shuttle bus franchises, doing business as Lokeko and Double K. (*See* Compl. Gen.). Defendant Dergunov

---

[1] On 3/18/14 Your Honor stayed collective discovery. Accordingly, as of yet, there has been no exchange of collective discovery.

[2] See Naydenskiy Decl. Ex. B (Dmitriy Serebryakov Decl.) ¶2 (herein referred to as "Serebryakov Decl."); Naydenskiy Decl. Ex. C (Dmitriy Kuramyshev Decl.) ¶2 (herein referred to as "Kuramyshev Decl.").

employed Plaintiffs and the putative FLSA Collective Plaintiffs to work for both Lokeko and

Double K. (*See* Serebryakov Decl. ¶2; Kuramyshev Decl. ¶2). Defendant Dergunov paid

Plaintiffs and the putative FLSA Collective Plaintiffs through both Lokeko and Double K and

interchangeably controlled Plaintiffs and the putative FLSA Collective Plaintiffs working

conditions and wages through both Lokeko and Double K. (*See* Serebryakov Decl. ¶2, ¶6, ¶7,

¶10, ¶15-¶17; Kuramyshev Decl. ¶2, ¶5, ¶6, ¶7, ¶9, ¶13-¶15).

      In order to evade paying Plaintiffs and the putative FLSA Collective Plaintiffs an overtime

premium for work performed in excess of 40 hours a work week, as required by the FLSA,

Defendants required some drivers to sign an agreement which treated them as "independent

contractors" and concurrently required them to open their own corporate entities to receive

payment from Defendants. (*See* Serebryakov Decl. ¶10; Kuramyshev Decl. ¶9; ECF Doc. 56).

Regardless of the so called "agreement" and "separate corporate entities", Plaintiffs and the

FLSA Collective Plaintiffs were and continue to be employees as defined by the FLSA. (*See* 29

U.S.C. § 201 et. seq.; Serebryakov Decl. Gen.; Kuramyshev Decl. Gen.). As described herein,

Defendants established a plan and policy which similarly employed and controlled Plaintiffs'

and the putative FLSA Collective Plaintiffs' wages, schedules, duties, and working conditions

(*See* Serebryakov Decl. Gen.; Kuramyshev Decl. Gen.).

      Defendants employed Plaintiffs and the putative FLSA Collective Plaintiffs to work as

drivers for their Golden Touch Transportation franchises (*See* Serebryakov Decl. ¶2, ¶10;

Kuramyshev Decl. ¶2, ¶9). Defendants paid Plaintiffs at a rate of 60% of receivables from

Defendants' franchisor Golden Touch Transportation (*See* Serebryakov Decl. ¶6; Kuramyshev

Decl. ¶5). Even though Defendants scheduled Plaintiffs to work between 58 to 65 hours a week[3],

---

[3] Defendants required Plaintiff Serebryakov to work five (5) day a week from 5:00PM to 6:00AM and required
Plaintiff Kuramyshev to work four (4) days a week starting from 3:30PM until 6:00AM. (Serebryakov Decl. ¶3;

Defendants did not pay Plaintiffs an hourly rate of pay or an overtime premium for work performed in excess of 40 hours per work week (*See* Serebryakov Decl. ¶3, ¶4, ¶6, ¶8; Kuramyshev Decl. ¶3-¶6).

Defendants controlled the Plaintiffs duties by requiring them to text Defendant Dergunov every two (2) weeks describing such things as how much tolls and expenses were paid and the compensation owed. Additionally, Defendants required Plaintiffs to request prior approval for days off- even denying Plaintiff Kuramyshev's request for a day off scheduled for in or around 2012[4]. (Serebryakov Decl. ¶14, ¶15; Kuramyshev Decl. ¶13, ¶14). Moreover, Plaintiffs did not have the opportunity for profit or loss, could not hire their own drivers, and did not have the opportunity to drive their own customers for Defendants (*See* Serebryakov Decl. ¶11, ¶12; Kuramyshev Decl. ¶10, ¶11).

Plaintiffs and the Putative FLSA Collective Plaintiffs had similar hours of work, wages, and working conditions (*See* Serebryakov Decl. ¶5-10, ¶13-17; Kuramyshev Decl. ¶4-¶8, ¶10-15). From conversations between Plaintiffs and other employees of Defendants, including but not limited to Yivgeny, Roman, and Aziz (Last Names Unknown), it is known that the putative FLSA Collective Plaintiffs who were employed by Defendants, had similar wages of 60% of the receivables from Golden Touch Transportation of NY (*See* Serebryakov Decl. ¶7; Kuramyshev Decl. ¶7). Additionally, from these conversations it is known that the putative collective Plaintiffs had similar scheduled hours of work- specifically, over 40 hours a work week and similar duties (driving). (*See* Serebryakov Decl. ¶5). Additionally, the putative FLSA Collective Plaintiffs were similarly not paid an hourly rate of pay or an overtime premium for hours worked

Kuramyshev Decl. ¶3).
[4] Citing a lack of drivers available to fill in for Plaintiff Kuramyshev as the reason for denying the day off. (Kuramyshev Decl. ¶14).

in excess of 40 hours a work week. (*See* Serebryakov Decl. ¶8, ¶9; Kuramyshev Decl. ¶6, ¶8).

Moreover, the Plaintiffs and putative FLSA Collective Plaintiffs had similar working conditions,

including the requirement to receive pre-approval for days off and the requirement to text

Defendant Dergunov every two (2) weeks (*See* Serebryakov Decl. ¶14, ¶15; Kuramyshev Decl.

¶15). Furthermore, the Plaintiffs and putative Collective Plaintiffs similarly had no opportunity

for profit and loss from Defendants' business (*See* Serebryakov Decl. ¶11, ¶13, Kuramyshev

Decl. ¶10-12).

Therefore, the Plaintiffs and putative FLSA Collective Plaintiffs are similarly situated in

that they were employed by Defendants, had similar rates of pay and duties, were similarly

scheduled to work in excess of 40 hours per work week, were similarly not paid an overtime

premium for work performed in excess of 40 hours per work week, and were uniformly

subjected to Defendants FLSA violations (*See* 29 U.S.C. § 201 et. seq.; Serebryakov Decl. ¶4-

10, ¶13-17; Kuramyshev Decl. ¶4-¶8, ¶10-15).

## ARGUMENT

## I.   CONDITIONAL CERTIFICATION OF A COLLECTIVE ACTION IS APPROPRIATE

The FLSA's "collective action" provision allows one or more employees to bring

an action for wage violations on behalf of themselves and other employees who are

"similarly situated." 29 U.S.C. § 216(b); *Shahriar v. Smith & Wollensky Restaurant Group,

Inc.*, 659 F.3d 234, 243-44 (2d Cir. 2011). "The evident purpose of the [FLSA] is to provide

one lawsuit in which the claims of different employees, different in amount but all arising

out of the same character of employment, can be presented and adjudicated, regardless of

the fact that they are separate and independent of each other." *Shain v. Armour & Co.*, 40

F. Supp. 488, 490 (W.D. Ky. 1941). These collective actions benefit the judicial system by

enabling the "efficient resolution in one proceeding of common issues of law and fact." *Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

The Second Circuit Court of Appeals has endorsed a two-step method of certification in an opt-in collective action under the FLSA. *See Myers v. Hertz Corp.*, 624 F.3d 537, 554-55 (2dCir. 2010). At the first step, the Court must determine whether it is appropriate to send notice to potential opt-in plaintiffs "who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred," *id*. at 555, thus issuing a "conditional certification" of the collective action. *See Schwerdtfeger v. Demarchelier Mgmt, Inc.*, No. 10-cv-7557, 2011 U.S. Dist. LEXIS 60338, at *9 (S.D.N.Y. June 6, 2011); *Guillen v. Marshalls of MA, Inc.*, 750 F. Supp. 2d 469, 475 (S.D.N.Y. 2010) ("Orders authorizing notice are often referred to as orders 'certifying' a collective action, even though the FLSA does not contain a certification requirement."). Because certification at this first early stage is preliminary and subject to reevaluation, the burden for demonstrating that potential plaintiffs are "similarly situated" is very low. *See Hernandez v. Bare Burger Dio Inc.*, No. 12-cv-7794, 2013 U.S. Dist. LEXIS 89254, at*9-*10 (S.D.N.Y. June 25, 2013) (discussing plaintiff's "very low" burden); *Spicer v. Pier Sixty LLC*, 269 F.R.D. 321, 336 (S.D.N.Y. 2010) ("The first stage, conditional certification, requires only a modest factual showing based on the pleadings and affidavits that the putative class members were victims of a common policy or plan that violated the law.") (internal citations and quotation marks omitted). "'The leniency of this requirement is consistent with the broad remedial purpose of the FLSA.'" *Spicer*, 269 F.R.D. at 336 (quoting *Morales v. Plantworks, Inc.*, No. 05-cv-2349, 2006 U.S. Dist. LEXIS 4267, at *5 (S.D.N.Y. Feb. 2, 2006)).

"At the second stage, the district court will, on a fuller record, determine whether a

so- called 'collective action' may go forward by determining whether the plaintiffs who have opted- in are in fact 'similarly situated' to the named plaintiffs. The action may be 'de-certified' if the record reveals that they are not, and the opt-in plaintiffs' claims may be dismissed without prejudice." *Winfield v. Citibank, N.A.*, No.10-cv-7394, 2012 U.S. Dist. LEXIS 16449, at *9 (S.D.N.Y. February 9, 2012) (quoting *Myers*, 624 F.3d at 555).

Here, Plaintiffs seek to bring their FLSA claims for overtime premiums on behalf of all current and former drivers, including drivers classified as "independent contractors", who worked for, or contracted with, Defendants Konstantin Dergunov, Lokeko Inc., or Double "K" USA, Corp., from August 10, 2006 to the entry of judgment in this case ("Collective Action Members").

A. **Conditional Certification Requires Only a Minimal Showing that Plaintiffs DMITRIY SEREBRYAKOV and DMITRIY KURAMYSHEV Are Similarly Situated to Other Employees**

The standard for conditionally certifying a FLSA collective action and authorizing notice to potential opt-in plaintiffs – that the named plaintiffs and the potential opt-in plaintiffs be 'similarly situated' – is "not a stringent one." *Wraga v. Marble Lite, Inc.*, No. 05-cv-5038, 2006 U.S. Dist. LEXIS 60457, at *3 (E.D.N.Y. Aug. 22, 2006) (citing *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)); *Sanchez v. Gansevoort Mgmt. Group, Inc.*, No. 12-cv-75, 2013 U.S. Dist. LEXIS 9739, at *3 (S.D.N.Y. Jan. 10, 2013) (discussing plaintiff's "light burden"). In fact, when exercising its discretion at the conditional certification stage, "the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *Ramos v. Platt*, No. 13-cv-8957, 2014 U.S. Dist. LEXIS 100549, at *8 (S.D.N.Y. July 23, 2014) (internal citations omitted); *see also Mentor v. Imperial Parking Sys., Inc.*, 246 F.R.D. 178, 181 (S.D.N.Y. 2007) (stating that "the merits

of plaintiffs' claims need not be evaluated and discovery need not be completed to approve and disseminate a § 216(b) notice"). Plaintiffs need only make a "modest factual showing that they and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law." *Myers* 624 F.3d at 554 (internal quotations omitted); *Ramos*, 2014 U.S. Dist. LEXIS 100549, at *4-*6.

Likewise, the standard for conditionally certifying an FLSA collective action is considerably easier to meet than the standard required by Fed. R. Civ. P. 23 for class certification. *Myers*, 624 F.3d at 556; *Lujan v. Cabana Mgmt.*, No. 10-cv-755, 2011 U.S. Dist. LEXIS 9542, at *13 (E.D.N.Y. Feb. 1, 2011) (quoting *Cano v. Four M Food Corp.*, No. 08-cv 3005, 2009 U.S. Dist. LEXIS 7780, at *4 (E.D.N.Y. Feb. 3, 2009)). Pursuant to the very lenient conditional certification standard, the Rule 23(a) and (b)(3) requirements of numerosity, commonality, typicality, adequacy, predominance, and superiority are all inapplicable in the FLSA context. *Iglesias-Mendoza v. La Belle Farm*, 239 F.R.D. 363, 368 (S.D.N.Y. 2007). This distinction "makes sense," since "[t]he FLSA's opt-in provision simply provides an opportunity for potential plaintiffs to join the action but does not bind those who do not; by contrast, the 'opt- out' regime under Rule 23 does bind absent class members who nevertheless are deemed to have had adequate opportunities to participate in the action brought on their behalf." *Patton*, 364 F. Supp. 2d at 267.

The amount of evidence Plaintiffs must put forward to prevail in the 'similarly situated' inquiry is minimal. Declarations of the Named Plaintiffs setting forth their personal knowledge of defendants' common violations of the FLSA are more than enough to warrant FLSA conditional certification. *See*, *e.g.*, *Ramos*, 2014 U.S. Dist. LEXIS 100549 ("contrary to Defendants' arguments, conditional certification may be granted on the basis of the complaint

and the plaintiff's own affidavits"); *Wraga*, 2006 U.S. Dist. LEXIS 60457, at *5-6 (several affidavits sufficient). "Indeed, courts in this circuit have routinely granted conditional collective certification based solely on the personal observations of one plaintiff's affidavit." *Hernandez*, 2013 U.S. Dist. LEXIS 89254, at *7; *see also Zheng Fang v. Yongjing Zhuang*, No. 10-cv-1290, 2010 U.S. Dist. LEXIS 133618, at *7-8 (E.D.N.Y. Dec. 1, 2010) (one affidavit sufficient).

Indeed, Courts have found employees "similarly situated" for purposes of the FLSA even where they performed different job functions or worked at different locations, as long as they were subject to the same allegedly unlawful policy. *See Garcia v. Four Bros. Pizza*, No. 13-cv- 1505, 2014 U.S. Dist. LEXIS 75015, at *16-*19 (S.D.N.Y May 23, 2014) (granting conditional certification where plaintiffs' "precise job descriptions and work locations varied" and plaintiffs alleged uniform policy extending to location where none of the named plaintiffs worked); *Schwerdtfeger*, 2011 U.S. Dist. LEXIS 60338, at *16 (granting conditional certification where the group of employees comprised workers performing different functions and both tipped and non-tipped employees).

Here, Plaintiffs' detailed factual affidavits along with the pleadings on the record present more than enough evidence to satisfy Plaintiffs' evidentiary burden by demonstrating that Defendants' unlawful pay practices were common to them and to other similarly situated employees. As demonstrated more fully in the Statement of Facts and Background sections above, the facts in this case fit neatly with the contours of the well-settled 'similarly situated' inquiry.

In light of the extensive similarities between the Named Plaintiffs and the Collective Action Members, and the lenient 'similarly situated' inquiry, conditional certification of the Collective Action is appropriate at this time.

### B.  The Underlying Merits of the Case Are Immaterial to the Determination of Conditional Certification and Notice

Although Plaintiffs are confident that they will successfully establish that Defendants failed to properly compensate the Covered Employees under the FLSA, a discussion of the underlying merits is unnecessary and inappropriate at this time: "[T]he standard in this circuit is clear; the merits of plaintiffs' claim are not at issue in a motion for conditional certification." *Laroque v. Domino's Pizza, LLC,* 557 F. Supp. 2d 346, 354 (E.D.N.Y. 2008); *see also, e.g., Mentor*, 246 F.R.D. at 181 (stating that "the merits of a plaintiffs claims need not be evaluated and discovery need not be completed to approve and disseminate a § 216(b) notice"); *Fasanelli v. Heartland Brewery, Inc,* 516 F. Supp. 2d at 322 (S.D.N.Y. 2007) ("'To the extent' that Defendants['] opposition relies on a detailed factual dispute about whether the Defendants maintained an "illega1 off-the clock" policy, "illegal tip retention" policy, or fail to pay the minimum wage, that inquiry is misplaced as those issues go to the merits of the case."); *Toure*, 2007 U.S. Dist. LEXIS 74056, at *6 (stating that at the conditional certification stage "the merits of a plaintiff's claims need not be evaluated"); *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y, 2007) ("At this procedural stage, the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations."); *Young v. Cooper Cameron Corp..* 229 F.R.D. 50, 54 (S.D.N.Y; 2005) (finding that "[t]he focus . . . is not on whether there has been an actual violation of law but rather on whether the proposed plaintiffs are "similarly situated"); *Hoffmann*, 982 F, Supp. at 262 ("[T]he Court need not evaluate the merits of plaintiffs' claims in order to determine that, a definable group of 'similarly situated' plaintiffs can exist here."). Any merits-based argument "is an improper ground on which to base a denial of a motion to certify conditionally an FLSA collective action[.]" *Anglada v. Linens 'N Things Inc.*, 2007 U.S. Dial.

LEXIS 39105, at *20 (S.D.N.Y. 2007). Rather, the proper inquiry is merely "whether the putative class alleged by Plaintiff is similarly situated based on the pleadings and any affidavits," *Fasaneili*, 516 F. Supp. 2d at 321.

## II.      THE ISSUANCE OF A *HOFFMAN-LAROCHE* NOTICE IS APPROPRIATE

The U.S. Supreme Court has endorsed the practice of issuing notice to inform potential opt-in plaintiffs of a pending collective action, and indeed issuance of such notice is now standard practice. *Hoffman-LaRoche*, 493 U.S. at 170. Notice serves the goals of "avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action," and prevents the possibility of "misleading communications" from the parties to potential opt-in plaintiffs. *Id*. at 171-72; *Braunstein v. Eastern Photographic Laboratories, Inc.*, 600 F.2d 335, 335-36 (2d Cir. 1979); *Summa v. Hofstra Univ.*, 715 F. Supp. 2d 378, 385 (E.D.N.Y. 2010).

Indeed, once a collective action is conditionally certified, it depends "on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can  make informed decisions about whether to participate." *Hoffman-LaRoche*. at 170.

It is well established that district courts may authorize notice to potential opt-in plaintiffs.

*See, e.g., Myers*, 624 F.3d at 554; *Ramos*, 2014 U.S. Dist. LEXIS 100549.

### A.      The Proposed Notice Is Fair and Accurate

Plaintiffs' proposal for court-approved Notice is "timely, accurate, and informative." *Hoffman-LaRoche*, 493 U.S. at 172. It provides notice of the pendency of the action and of the opportunity to opt-in. Plaintiffs' legal claims are accurately described. Potential opt-ins are advised that Defendants will defend against the claims and that they are not required to

participate. The Notice provides clear instructions on how to opt in and accurately states the prohibition against retaliation or discrimination for participation in an FLSA action. *See* 29 U.S.C. § 215(a)(3). Providing the Notice in both English and Russian will allow for effective communication regarding the lawsuit to potential plaintiffs whose primary language is Russian.

This Court should order that notice be provided through two means. First, as an efficient way to reach all collective action members currently employed by Defendants, the Court should order Defendants to post notice of the collective action and consent forms in a conspicuous location where it can be easily seen by potential collective action members.[75] Courts in this Circuit and around the country have recognized posting as an efficient, non-burdensome method of notice. *See, e.g., Ramos*, 2014 U.S. Dist. LEXIS 100549, at *18 (ordering posting of notice "in a conspicuous location and every work site… where potential opt- in plaintiffs are presently employed"); *Jacob v. Duane Reade, Inc.*, No. 11-cv-0160, 2012 U.S. Dist. LEXIS 11053, at *29-30 (S.D.N.Y. Jan. 27, 2012) (allowing notice to be posted at all locations where collective action members work); *Ack v. Manhattan Beer Distributors, Inc.*, No. 11-cv-5582, 2012 U.S. Dist. LEXIS 67883, at *20 (E.D.N.Y. May 15, 2012) (ordering notice to be posted at Defendants' various business locations); *Sherrill v. Sutherland Global Servs. Inc.,* 487 F. Supp. 2d 344, 351 (W.D.N.Y. 2007) (allowing notice to be posted at defendant's places of business for 90 days and mailed to all class members); *Romero v. Producers Dairy Foods, Inc.*, 235 F.R.D. 474, 492-93 (E.D.Cal. 2006) (finding that posting of notice in workplace and mailing is appropriate and not punitive); *Johnson v. American Airlines, Inc.*, 531 F. Supp. 957, 961 (N.D. Tex. 1982) (finding that sending notice by mail, "posting on company bulletin boards at flight bases and publishing the notice without comment in American's The Flight

Deck,  are  both  reasonable and in accordance with prior authority").

Here, conspicuously posting Notice and consent forms at the workplace will effectively inform all of Defendants' drivers about the collective action claims. If  the  Notice  is  posted conspicuously,  the  goal  of  ensuring  that  all  *currently  employed* Defendants' drivers are aware of the lawsuit could be achieved. Posting  the Notice will help rectify any difficulties reaching potential collective action members through  sending the Notice, the second form of notice Plaintiffs propose.

Plaintiffs propose that Notice and consent forms be mailed by  first class mail and electronic  mail  to potential opt-in plaintiffs' last known addresses. *See*, *e.g.*, *Sanchez v. El  Rancho Sports Bar Corp.*, No. 13-cv-5119, 2014 U.S. Dist. LEXIS 66234, at *17-*19 (S.D.N.Y. May 13, 2014) (ordering production of e-mail addresses in addition to mailing addresses and  telephone numbers); *Jacob*, 2012 U.S. Dist. LEXIS 11053, at *29; *Pippins v. KPMG LLP*, No.  11-cv-377, 2012 U.S. Dist. LEXIS 949, at *41 (S.D.N.Y. Jan. 3, 2012) (recognizing the need for  discovery of email addresses, "given the reality of communications today"). This is consistent  with established practice under the FLSA. *Hoffman-LaRoche*, 493 U.S.  at  172; *Gjurovich  v.   Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101, 106-09 (S.D.N.Y. 2003) (court provides an  exhaustive list of  specific  notice  requirements).

The  Notice  should  be  sent  to  all  current  and  former  drivers, including drivers classified as "independent contractors", who worked for, or contracted with, Defendants Konstantin Dergunov, Lokeko Inc., or Double "K" USA, Corp. on or after August 10, 2006. Permitting plaintiffs to provide notice to employees who were employed  by the defendant within six years of the date that the complaint was filed "is appropriate and in  the interests of judicial economy." *Winfield*, 843 F.Supp.2d at 411; *see also Han v. Sterling Nat'l Mortgage*

*Co., Inc.* No. 09-CV-5589, 2011 WL 4344235, at *11 n.11 (E.D.N.Y. Sept. 14, 2011) (same); *Klimchak v. Cardrona, Inc.,* 2011 WL 1120463, at *7 (E.D.N.Y. Mar. 24, 2011) ("[D]efendants' statute of limitations objection ignores plaintiffs' state law claims, which are governed by a six (6) year statute of limitations and over which this Court may exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Accordingly, and since the number of potential plaintiffs is not large, it is appropriate to permit plaintiffs to provide notice to potential opt-in plaintiffs who may have viable state law claims within the six (6) year statute of limitations period, even if those plaintiffs' FLSA claims might be time-barred.").

Those members interested in participating would be required to file their consents with Plaintiffs' counsel within 60 days of receiving the form.

Plaintiffs' counsel should also be authorized to send a deadline reminder letter, which serves an important purpose of notifying drivers that their right to join the instant lawsuit is limited. Courts have discretion in regulating class actions and protecting plaintiffs' First Amendment rights to communicate with prospective putative collective and class action members. *See Hinterberger v. Catholic Health Sys., Inc.,* No. 08-cv-3805, 2010 U.S. Dist. LEXIS 96435, at *33 (W.D.N.Y. May 13, 2010) ("[C]ourt-imposed restrictions on an attorney's ability to communicate with prospective class members…unless factually justified, 'involve serious restraints on expression,' protected by the First Amendment.") (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 104 (1981)). Furthermore, courts in the Second Circuit as well as other jurisdictions have found deadline reminder notices to be appropriate in order to ensure potential plaintiffs are fully aware of their rights and to promote the FLSA's intended purpose for providing notice to prospective class members. *See, e.g., Chhab v. Darden Rests., Inc.*, No. 11- cv-8345, 2013 U.S. Dist. LEXIS 135926, at *50-*51 (S.D.N.Y. Sept. 20, 2013); *Morris*

14

*v. Lettire  Constr., Corp.,* 896 F. Supp. 2d 265, 275 (S.D.N.Y. 2012) ("Given that notice under

the FLSA is intended to inform as many potential plaintiffs as possible of the collective action

and their right  to opt-in, we find that a reminder notice is appropriate."); *Jennings v. Cellco*

*P'ship,* No. 12-cv- 293, 2012 U.S. Dist. LEXIS 90994, at *6 (D. Minn. July 2, 2012)

(approving distribution of reminder notice, subject to the condition that it contain a

disclaimer that the court does not encourage or discourage participation in the case); *Sanchez*

*v. Sephora USA, Inc.,* No. 11-cv- 3396, 2012 U.S. Dist. LEXIS 99924, at *6 (N.D. Cal.

July 18, 2012) (authorizing a reminder notice on the grounds that such notice "is appropriate

in an FLSA action since the individual is not part of the class unless he or she opts-in").

Sending Notice, consent forms and deadline reminders to opt-in plaintiffs is standard

operating procedure in this Circuit and throughout the country, and Plaintiffs respectfully request

that this Court authorize it.

### B.   This Court Should Order Defendants to Produce the Limited Amount of Information Necessary to Ensure Timely and Effective Notice

Since only Defendants know the names, addresses, phone numbers (including cell phone

numbers), and personal electronic mail addresses of the Collective Action Members, early

exchange of a mailing list for potential opt-ins is a routine component of notice in collective

actions. *Hoffman-LaRoche*, 493 U.S. at 170 (the "District Court was correct to permit discovery

of names and addresses…"); *Cook v. United States*, 109 F.R.D. 81, 83 (E.D.N.Y. 1985)

("[c]ertainly, it is 'unlikely that Congress, having created a procedure for representative action,

would have wanted to prevent the class representative from notifying other members of the class

that they had a champion'").

Expediting this limited information exchange is particularly important because the

FLSA's statute of limitations may not be tolled for particular plaintiffs until they file their

"Consent to Sue" forms. 29 U.S.C. § 256(b); *Sbarro*, 982 F. Supp. at 262. Courts in this Circuit routinely orders production of this information in FLSA collective actions. *See, e.g., El Rancho*, 2014 U.S. Dist. LEXIS 66234, at *17-*18 (mail addresses, e-mail addresses, telephone numbers); *In re Deloitte & Touche, LLP Overtime Litigation*, No. 11 Civ. 2461 (RMB)(THK), 2012 U.S. Dist. LEXIS 12641, at *5-7 (S.D.N.Y. Jan. 17, 2012) (addresses, telephone numbers and e-mails); *Pippins*, 2012 U.S. Dist. LEXIS 949, at *40-43 (addresses and telephone numbers, as well as emails and social security numbers for class members whose notices are returned); *Raniere v. Citigroup Inc*, 827 F. Supp. 2d 294, 327 (S.D.N.Y. Nov. 22, 2011) (names, last known addresses, telephone numbers (both home and mobile), and e-mail addresses); *Lin v. Benihana Nat'l Corp.*, 755 F. Supp. 2d 504, 514 (S.D.N.Y. 2010) (requiring production of names, addresses, and telephone numbers, and noting that "[c]ourts in the Second Circuit have been progressively more expansive regarding the extent of employee information they will order defendants to produce in FLSA collective actions, even at the pre-certification stage"); *Delaney v. Geisha NYC, LLC,* 261 F.R.D. 55, 60 (S.D.N.Y. 2009) ("names, last known mailing address, alternate address (if any), all known telephone numbers, social security numbers, and dates of employment").

Plaintiffs are not requesting unusual or extraordinary relief. Plaintiffs' request is limited to information clearly within the discretion of this Court to order.  Plaintiffs respectfully request that this Court order Defendants to provide the information listed above in paper and digital format, to expedite the posting and mailing of notice.

## CONCLUSION

For all of the foregoing reasons, this Court should issue an order that: (i) allows this

case to proceed as a collective action on behalf of all current and former drivers, including drivers classified as "independent contractors", who worked for, or contracted with, Defendants Konstantin Dergunov, Lokeko Inc., or Double "K" USA, Corp. at any time since August 10, 2006, for their FLSA claims for unpaid overtime (Counts I); (ii) requires Defendants to post notice at a place where it can be easily seen by employees and authorizes Plaintiffs to send notice to all Collective Action Members by first class mail and electronic mail;

(iii) directs Defendants to produce to Plaintiffs the last known mailing addresses, phone numbers and electronic mail addresses for all current and former drivers, including drivers classified as "independent contractors", who worked for, or contracted with, Defendants Konstantin Dergunov, Lokeko Inc., or Double "K" USA, Corp., and social security numbers of the collective action members whose notice is undeliverable; (iv) allows Plaintiffs to mail a letter to the collective action members reminding them of the deadline to opt-in to the action; and (v) such other and further relief that the Court deems proper.

Dated: New York, New York
        May 1, 2015


_____s/_____
Gennadiy Naydenskiy GN(5601)
NAYDENSKIY LAW GROUP P.C.
2747 Coney Island Ave
Brooklyn, New York 11235
Telephone: (718) 808 2224
Email:Naydeskiylaw@gmail.com
*Attorneys for Plaintiffs and the*
*putative collective Plaintiffs*