FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ SEP 16 2016 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

DMITRIY SEREBRYAKOV and DMITRIY KURAMYSHEV,

               Plaintiffs,

- against -

LOKEKO INC., DOUBLE "K" USA, CORP., and KONSTANTIN DERGUNOV,

               Defendants.

---

**MEMORANDUM DECISION AND ORDER**

12-cv-3990 (AMD) (RER)

ANN DONNELLY, District Judge.

    The plaintiffs brought this putative class and collective action on August 10, 2012 against their employers, Konstantin Dergunov, Lokeko Inc. ("Lokeko"), and Double "K" USA, Corp. ("Double K"), for alleged violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL" or "Labor Law"). Specifically, the plaintiffs complain that the defendants violated the FLSA and the Labor Law by failing to pay an hourly rate of pay (29 U.S.C. § 206(a); 12 N.Y.C.C.R.R. § 142-2.1), and an overtime premium (29 U.S.C. § 207(a)(1); 12 N.Y.C.C.R.R. § 142-2.2) for work performed in excess of forty hours per work week. Additionally, the plaintiffs allege that the defendants made unlawful deductions from their pay in violation of the Labor Law (12 N.Y.C.C.R.R. § 195), and failed to maintain records as required by the FLSA.

    Currently pending are responses to the June 15, 2016 order to show cause. Because I conclude that the motor carrier exemption bars the FLSA and New York Labor Law overtime claims, they are dismissed with prejudice. Additionally, because the plaintiffs concede that there

1

is no private right of action for the alleged record-keeping violations pursuant to the FLSA, that cause of action is dismissed. However, I conclude that the motor carrier exemption does not apply to the failure to pay minimum wage claims. Accordingly, the following claims remain: the plaintiffs' claim that the defendants failed to pay minimum wage for all hours worked in violation of the FLSA and Labor Law, and the state law claim that the defendants unlawfully deducted from the plaintiffs' pay.

## BACKGROUND

The defendants Lokeko and Double K are shuttle bus businesses operated by defendant Konstantin Dergunov.[1] Between the fall of 2011 and the summer of 2012, the plaintiffs, employed as drivers, drove vans, which accommodated at least eight passengers and weighed about 5000 pounds, between New York area airports.

The plaintiffs brought this action on August 10, 2012 on behalf of themselves and others similarly situated. They allege that they were improperly classified as independent contractors. They claim that when they worked more than forty hours per week, they were not paid for the hours in excess of forty, and they did not receive an overtime premium (so-called "time and a half"). Further, they allege that the defendants illegally deducted from the plaintiffs' pay and failed to maintain payroll records. The plaintiffs seek unpaid wages, time and a half for the unpaid overtime, liquidated damages, and attorney's fees.

On June 9, 2015, the plaintiffs moved to certify conditionally an FLSA collective action and to distribute notice to putative members of the collective action. This motion was referred to Judge Reyes, who granted the plaintiff's motion and approved, with modifications, the proposed

---

[1] Golden Touch Transportation was also named as a defendant in the complaint. The plaintiffs and Golden Touch Transportation reached a settlement agreement, and Golden Touch is no longer a party to this action. (ECF Nos. 29, 34, 36.)

2

notice.[2] (ECF No. 70.) Judge Reyes ordered notice to issue, and required that plaintiffs electing to join the collective must file their consent forms with the Clerk of the Court by May 6, 2016. (Feb. 5, 2016 Docket Entry.) It does not appear that any additional employees have done so. Nor have the plaintiffs sought to certify a Rule 23 class action with respect to the Labor Law claims.

At a discovery conference on November 17, 2015, Judge Reyes inquired into whether the defendants planned to move for summary judgment under the motor carrier exemption, and instructed the parties to address the issue fully at a December 10, 2015 hearing. (ECF No. 69 at 20.) At that December hearing, the defendants represented that the vans at issue could be configured to accommodate between twelve and fifteen passengers and that the total gross weight of the vans was 5000 pounds. (Dec. 10, 2015 Hearing.) Discovery closed in December of 2015.

In April of 2016, the defendants filed requests for pre-motion conferences, and asserted that the plaintiffs' overtime claims were barred by the motor carrier exemption. (ECF Nos. 73, 75, 77.) In advance of the hearing, the defendants filed their Rule 56.1 Statement of Undisputed Facts, (ECF No. 77), and the plaintiffs filed their Counterstatement of Material Facts. (ECF No. 83.) The parties agree that Lokeko and Double K are motor carriers that provide motor vehicle transportation for compensation, (Defs.' 56.1 ¶ 1; Pls.' 56.1 ¶ 1), the plaintiffs drove motor vehicles for the defendants, (Defs.' 56.1 ¶ 5; Pls.' 56.1 ¶ 5), those vehicles were designed to seat eight or more passengers, (Defs.' 56.1 ¶ 6; Pls.' 56.1 ¶ 6), and the plaintiffs drove passengers from the John F. Kennedy International Airport, LaGuardia Airport, and Newark International Airport. (Defs.' 56.1 ¶ 3; Pls.' 56.1 ¶ 3.)

---

[2] This case was reassigned to me in November of 2015.

3

At a June 15, 2016 hearing, I informed the parties that I would issue an order to show cause why the overtime claims should not be dismissed as barred by the motor carrier exemption, and instructed the parties to attend a settlement conference with Judge Reyes. On July 8, 2016, the parties advised the Court that they had not reached a settlement agreement, (ECF No. 85), and the plaintiffs responded to the order to show cause, by letter, on August 8, 2016. (ECF No. 86.) In that letter, the plaintiffs do not dispute that their overtime claims were barred by the motor carrier exemption. (ECF No. 86.) Instead, they request that I retain supplemental jurisdiction over their New York Labor Law claims. (ECF No. 86.) In their reply, the defendants argue that the overtime claims are in fact barred by the motor carrier exemption and contend that this Court should not retain supplemental jurisdiction over the state law deduction claims. Neither party specifically addresses the causes of action arising from the defendants' alleged failure to pay wages for all hours worked in violation of the FLSA and the Labor Law.

For the reasons set out below, the claims that the defendants failed to pay overtime premiums and violated FLSA record-keeping provisions are dismissed.

## DISCUSSION

District courts have the power to grant summary judgment *sua sponte*. *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). To do so, a district court must "determine that the party against whom summary judgment is rendered has had a full and fair opportunity to meet the proposition that there is no genuine issue of material fact to be tried." *Id.* (quoting *Schwan-Stabilo Cosmetics GmbH & Co. v. Pacificlink Int'l Corp.*, 401 F.3d 28, 33 (2d Cir. 2005); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) ("district courts are widely acknowledged to possess the power to enter summary judgments *sua sponte*, so long as the losing party was on notice that she had to come forward with all of her evidence."). In

determining whether there is a genuine issue of material fact, the court is to draw all reasonable inferences and resolve all ambiguities in favor of the party against whom summary judgment is rendered. *Victory v. Pataki*, 814 F.3d 47, 58 (2d Cir. 2016), *as amended* (Feb. 24, 2016). In light of the procedural history detailed above, I conclude that the plaintiffs had a full and fair opportunity to oppose a dismissal predicated on the application of the motor carrier exemption.

The FLSA imposes a number of "wage and hour" requirements, including minimum wage and overtime pay requirements, both of which are at issue here. 29 U.S.C. §§ 206, 207. The Act also sets out exemptions to those minimum wage and overtime requirements. *See* 29 U.S.C.A. § 213. In particular, Section 213(a) lists exemptions to both the overtime pay requirements and the minimum wage requirements whereas Section 213(b) details exemptions to the overtime pay requirements only. The "motor carrier exemption" is listed under section 213(b). *See* 29 U.S.C.A. § 213(b)(1). Consequently, it exempts employers from the requirement that they pay an overtime premium, but not from the requirement that they pay employees for all hours worked. *Id.*; *see also D'Arpa v. Runway Towing Corp.*, No. 12-cv-1120, 2013 WL 3010810, at *6 n.15 (E.D.N.Y. June 18, 2013) ("the motor carrier exemption applies only to the FLSA's overtime requirements and not to the minimum wage requirements.").

The defendants contend that the plaintiffs were not entitled to overtime pay because they were subject to the motor carrier exemption. Exemptions to the FLSA are "narrowly construed against the employers seeking to assert them and their application limited to those establishments plainly and unmistakably within their terms and spirit." *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392 (1960). The defendants have the burden of proving that they are covered by the exemption. *Chen v. Major League Baseball Properties, Inc.*, 798 F.3d 72, 82 (2d Cir. 2015).

In order for the motor carrier exemption to apply, the employer must be subject to the jurisdiction of the Secretary of Transportation by virtue of operating as a "motor carrier," as defined by the Motor Carrier Act, *Dauphin v. Chestnut Ridge Transp., Inc.*, 544 F. Supp. 2d 266, 273 (S.D.N.Y. 2008), and the employee must be engaged in "activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce within the meaning of the Motor Carrier Act." *D'Arpa*, 2013 WL 3010810, at *7 (quoting 29 C.F.R. § 782.2); *see also* 49 U.S.C. § 13501.

At the time of the plaintiffs' employment, "motor carrier" meant "*all* vehicles 'providing motor vehicle transportation for compensation.'"[3] *D'Arpa*, 2013 WL 3010810, at *7 (quoting 49 U.S.C. § 13102(14)); *see also Fox v. Commonwealth Worldwide Chauffeured Transp. of NY, LLC*, 865 F. Supp. 2d 257, 264 (E.D.N.Y. 2012) ("Motor carrier" today means "a person providing motor vehicle transportation for compensation."). In this case, it is undisputed that the plaintiffs drove vans of passengers—provided transportation services—for compensation. Consequently, the defendants operated as a "motor carrier," and they were subject to the jurisdiction of the Secretary of Transportation.

Moreover, there is no genuine dispute that the employees' activities involved interstate transportation. The interstate transportation requirement is satisfied where interstate travel is a "natural, integral, and inseparable" aspect of an employees' work. *D'Arpa*, 2013 WL 3010810, at *8 (citations omitted). Here, the parties agree that the plaintiffs work was comprised of

---

[3] The defendants argue that a "motor carrier" includes a person who provides interstate transportation for compensation in vehicles that either weigh more than 10,000 pounds or are designed to transport more than eight passengers. (Defs.' Mem. at 3 (ECF No. 88-7).) This more restrictive definition, however, is inconsistent with the amendments to the MCA affecting the definition of "motor carrier." *See* 49 U.S.C. § 13102(14); *see also D'Arpa*, 2013 WL 3010810, at *7 (discussing amendments to the definition of the term "motor carrier").

6

driving passenger vans between New Jersey and New York. This is sufficient to establish the interstate transportation requirement.

I therefore conclude that the motor carrier exemption applies, and thus dismiss the plaintiffs' FLSA overtime claims on that basis. Because the plaintiffs are subject the FLSA's motor carrier exemption, they are also exempt from the New York Labor Law's overtime protections. *Fox*, 865 F. Supp. 2d at 268–69; 12 N.Y.C.R.R. § 142–2.2 (New York State Department of Labor states that overtime provisions contained in New York Labor Law incorporate FLSA's exemptions); *see also Torres v. Gristede's Operating Corp.*, 628 F.Supp.2d 447, 456 n. 4 (S.D.N.Y. 2008); *Khan v. IBI Armored Servs.*, 474 F.Supp.2d 448, 450 & n. 1 (E.D.N.Y. 2007).

Separately, the plaintiffs also allege FLSA recordkeeping violations. However, the plaintiffs' counsel correctly acknowledged at the December 10, 2015 hearing in front of Judge Reyes that there is no private cause of action for alleged recordkeeping violations under the FLSA. Thus, the plaintiffs' FLSA claim related to unlawful recordkeeping is dismissed. *See Ayala v. Looks Great Servs., Inc.*, No. 14-cv-6035-ADS-SIL, 2015 WL 4509133, at *6 (E.D.N.Y. July 23, 2015) ("the FLSA does not authorize employees to bring a private action against an employer for failure to abide by the record-keeping requirements of Section 211(c). Rather, that authority is vested exclusively with the Secretary of Labor.") (collecting cases).

Because, as discussed above, I conclude that the motor carrier exemption does not apply to the plaintiffs' claim that the defendants did not pay them for all hours worked, I do not dismiss all of the plaintiffs' causes of action over which this Court has original jurisdiction. Accordingly, I do not consider the defendants' argument that I should decline to exercise supplemental jurisdiction.

## CONCLUSION

For the reasons discussed above, the plaintiffs' causes of action for violations of the FLSA and the Labor Law arising from the defendants' alleged failure to pay an overtime premium are dismissed with prejudice. The FLSA recordkeeping cause of action is likewise dismissed. Accordingly, the claims that remain in this case are that the defendants failed to pay the plaintiffs for all hours worked in violation of the FLSA and the Labor Law, and that the defendants violated the Labor Law by making unlawful deductions from the plaintiffs' pay.

**SO ORDERED.**

s/Ann M. Donnelly
_____

Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
September 16, 2016